## INGRAM et al. v. FIDELITY-PHŒNIX FIRE INS. CO. OF NEW YORK et al.

(Circuit Court of Appeals, Eighth Circuit. November 15, 1926.)

No. 7112.

1. Appeal and error ⬂1068(4)—Any error in charge as to prorating loss was immaterial, where recovery was for full insurance on contents only.

Any error in charge in action on fire insurance policy relating to prorating of loss on account of other insurance *held* immaterial, where recovery was for full insurance on contents and nothing on building.

2. Insurance ⬂81—Charge that if local agent, in procuring insurance on his property, knew of pending foreclosure and failed to disclose fact, policy might be avoided, held proper.

In action on insurance policy procured by local agent on his own property, instruction that, if plaintiff knew of pending foreclosure proceedings at time of application and failed to disclose such fact, policy might be avoided, *held* proper.

3. Principal and agent ⬂69(1)—Agent, when dealing with principal, must disclose everything material in connection therewith.

Agent, when dealing with principal, must fairly and fully disclose everything material, or

which agent has good reason to believe principal regards as material, in connection therewith.

**4. Insurance ⊂⇒81—Agent, knowing of pending foreclosure against his property, was in duty bound to inform his principal on taking insurance thereon.**

Insurance agent, having knowledge of pending foreclosure proceedings against his property, which he insured, was in duty bound to inform insurer thereof.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Action by A. T. Ingram ·and another against the Fidelity-Phœnix Fire Insurance Company of New York and another. To review the judgment, plaintiffs bring error. Affirmed.

William Neff, of Tulsa, Okl. (Lewis E. Neff, of Tulsa, Okl., and Harry G. Davis, of Muskogee, Okl., on the brief), for plaintiffs in error.

Frank E. Lee, of Oklahoma City, Okl. (F. A. Rittenhouse and John F. Webster, both of Oklahoma City, Okl., on the brief), for defendants in error.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge. This is an action on a fire insurance policy covering $4,000 on a dwelling and $1,000 on the contents. The verdict and judgment was for $1,000. While the verdict does not specify whether the recovery was upon the house or the contents or both, yet the undisputed evidence and the issues before the jury, as framed by the charge, make it clear that such recovery was for the contents only. Plaintiffs below sued out this writ of error.

[1] The errors urged here relate to two parts of the charge. One of them is to that portion relating to prorating of loss on account of other insurance. As the recovery was clearly for the contents and as it was for the full insurance, under this policy, on the contents, we think this point is of ·no material force here.

[2] The substantial issue here is whether the court erred in charging the jury that if the plaintiff knew of foreclosure proceedings covering the dwelling pending at the time the application for this insurance was made and failed to disclose that fact to the insurer, the policy might be avoided and, as the insurer had taken proper steps to avoid the policy therefor, that there could be no recovery. As the evidence was clear and undisputed, in fact admitted, that plaintiff had such information and had not so disclosed it, the charge was, in effect, peremptory as to that matter.

[3] The plaintiff was the local agent of defendant and the defense is based on the duty of an agent to fully disclose when he deals with his principal. This duty, generally speaking, is to fairly and fully disclose everything material or which the agent has good reason to believe the principal regards as material in connection with the dealings between the two. The necessity for such a rule and the jealousy with which courts preserve it are well known. They have found expression in a multitude of cases of which we cite only a small part of those decided by federal courts. Michoud v. Girod, 4 How. 503, 555, 11 L. Ed. 1076; Ralston v. Turpin, 129 U. S. 663, 674, 675, 9 S. Ct. 420, 32 L. Ed. 747; Brooks v. Martin, 2 Wall. 70, 85, 17 L. Ed. 732; McKinley v. Williams, 74 F. 94, 20 C. C. A. 312. Also see 2 C. J. 706, § 363, and numerous cases cited in the notes thereto. In the McKinley Case, speaking for this court, Judge Sanborn said:

"No agent who conceals or fails to disclose the material facts and circumstances relative to the subject-matter of his agency, that are known to him and unknown to his principal, can make a binding contract with his principal as to that subject-matter to his own advantage. That uberrima fides which the relation of principal and agent demands forbids such contracts, and strips the agent of every benefit which he obtains by such a betrayal of his trust."

[4] The policy reveals that foreclosure of a mortgage on the property insured has, in the mind of the insurer, an important bearing on the risk. The policy gives the company the right to cancel the policy if such foreclosure is begun during the life of the policy. The evident reason for this view is that when the owner is faced with loss of his property by foreclosure, it would be a temptation to cause an insurance loss if the insurance were for more than the debt foreclosed, as the owner could thus save for himself the difference by collecting on the policy. This reason applies, with at least equal force, to issuance of a policy pending foreclosure or during any period of statutory redemption. We think it would clearly be the duty of an agent to inform the insurer of such pending foreclosure, of which he had knowledge, if the application had been made by a third party pending foreclosure, because the agent must know that such information would be such as his principal would deem material and want to know in determining whether it would assume the risk. The risk would be materially affected thereby

and the provisions, concerning foreclosure in the policy, are but a further expression and accentuation of the view of the insurer in that regard. We think the court was justified in charging that such information was material. It was doubly the duty of the agent to make this disclosure when he was the insured and when he knew, as here, that his principal was making no independent examination as to the risk but relying upon him.

We think the charge was sound and that the judgment should be affirmed.

It is so ordered.